# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2021

Lyle W. Cayce
Clerk

No. 18-11324
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellant*,

*versus*

LUCIAN LEE SPANN,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-126-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Lucian Lee Spann pleaded guilty to one count of being a felon in possession of a firearm and was sentenced pursuant to the Armed Career Criminal Act (ACCA) to 204 months of imprisonment, with credit for 20 months of time served, and two years of supervised release. Following the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-11324

Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591, 606 (2015), Spann filed a 28 U.S.C. § 2255 motion to vacate his conviction, arguing that his Texas robbery, evading arrest, and aggravated assault convictions no longer qualified as violent felonies. The district court granted the motion, finding that Texas robbery no longer constituted a violent felony, and resentenced Spann to 63 months of imprisonment, with credit for 20 months of time served, and three years of supervised release. The Government filed this appeal.

The Government argues that Texas robbery is a violent felony under the ACCA because it has the use, attempted use, or threatened use of physical force as an element. Following the issuance of *Borden v. United States*, 141 S. Ct. 1817 (2021), Spann filed an unopposed motion for summary affirmance, arguing that *Borden* foreclosed the Government's argument. In the alternative, Spann requests an extension of time to file his brief.

*Borden* held that offenses with a mens rea of recklessness are not encompassed within the elements clause of the "violent felony" definition in the ACCA. 141 S. Ct. at 1825, 1834. Spann was convicted of violating Texas Penal Code § 29.02(a)(1), which defines robbery as a theft committed with intent to control or maintain the property where the offender "intentionally, knowingly, or recklessly cause[d] bodily injury to another." Therefore, as Spann argues, *Borden* forecloses the Government's argument that Spann's Texas robbery conviction is a violent felony pursuant to the ACCA. *See Borden*, 141 S. Ct. at 1825; *see also United States v. Ybarra*, ____ F. App'x ____, No. 20-10520, 2021 WL 3276471, at *1-2 (5th Cir. July 30, 2021) (unpublished).

Because Spann's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), his

No. 18-11324

motion for summary affirmance is GRANTED, his alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.